IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re** § § § **NPC International, Inc.** § § § **Debtor.** [1] § § | | **CHAPTER 11** Case No. 20-33353-DRJ |
| **REPUBLIC VANGUARD INSURANCE COMPANY,** § § § § **Plaintiff,** § § **v.** § § **NPC INTERNATIONAL, INC., the NPC INTERNATIONAL GUC TRUST, and JACOB ROE,** § § § § § **Defendants.** | | **Adv. Proc. No. _____** |

**REPUBLIC-VANGUARD INSURANCE COMPANY'S ORIGINAL COMPLAINT
FOR DECLARATION OF RIGHTS AND OBLIGATIONS
<u>UNDER AN INSURANCE POLICY</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are NPC International, Inc. (7298) ("NPCI"); NPC Restaurant Holdings I LLC (0595); NPC Restaurant Holdings II LLC (0595); NPC Holdings, Inc. (6451); NPC International Holdings, LLC; (8234); NPC Restaurant Holdings, LLC (9045); NPC Operating Company B, Inc. (6498); and NPC Quality Burgers, Inc. (6457).  On June 25, 2021, the Court entered a final decree closing each of the chapter 11 cases other than NPCI's chapter 11 case [Docket No. [1785]]. Commencing on June 25, 2021, all motions, notices and other pleadings relating to any of the Debtors shall be filed in NPCI's chapter 11 case. The Debtors' corporate headquarters and service address is 4200W. 115th Street, Suite 200, Leawood, KS 66211.

1

Republic-Vanguard Insurance Company ("Republic-Vanguard") files this action seeking a declaration of rights and obligations under a policy of business auto insurance issued to NPC International, Inc. Debtor ("NPC") and would show the following:

## PARTIES

1. Plaintiff, Republic-Vanguard Insurance Company is an insurer that issued a business auto policy to NPC International Inc., and its Affiliated Debtors. Republic-Vanguard is incorporated in Arizona and has its principal place of business in New York, and is therefore a citizen of Arizona and New York.

2. Defendant NPC International, Inc., Debtor, is the insured under the policy issued by Republic-Vanguard. NPC is also a defendant in the suit filed by Jacob Roe. NPC is incorporated in Delaware and had its principal place of business in Leawood, Johnson County, Kansas, and is therefore a citizen of Delaware and Kansas.

3. The NPC International GUC Trust ("GUC Trust") is the trust established under the Second Amended Joint Chapter 11 plan of NPC International, Inc. and its Affiliated Debtors (as confirmed, the "Plan") [Docket No, 1477] and the Confirmation Order [Docket No. 1528] to administer certain disputed general unsecured claims and is a party to the Alternative Dispute Resolution Procedures [Docket No. 1714]. The Trustee is U.S. Bank National Association, which is organized under United States law and has its principal place of business in Minnesota. The Trust is therefore considered a citizen of Minnesota.

4. Defendant Jacob Roe is a claimant and plaintiff in a lawsuit against NPC, asserting injuries arising from an auto accident that occurred during the Republic-Vanguard policy period. Roe is a resident and citizen of Florida.

## JURISDICTION AND VENUE

5. The United States Bankruptcy Court for the Southern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. This adversary proceeding is commenced pursuant to Rule 7001(2) and (9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and section 105(a) of chapter 11, title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. § 105(a). Declaratory relief is appropriate pursuant to Bankruptcy Rule 7001 and the Declaratory Judgment Act, 28 U.S.C. §2201. The claims at issue are subject to the Court's orders, including the Confirmation Order and the Order Establishing Alternative Dispute Resolution Procedures ("ADR Order") [Docket No. 1714].

8. While the action is related to the bankruptcy, it involves state law construction of a policy, and is a non-core proceeding under 28 USC § 157(c)(1). Pursuant to Fed. R. Bankr. P. 7008(a), Republic-Vanguard does not consent to entry of final order or judgment with respect to this Complaint by this Court.

9. In addition, jurisdiction exists under 28 USC § 1332, as there is complete diversity of citizenship between Republic-Vanguard and the defendants, and there is more than $75,000 in controversy.

## BACKGROUND

10. On July 1, 2020 each Debtor, including NPC, filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas resulting in a stay of all litigation against the Debtors. Among other interests, NPC owned a number of Pizza Hut locations, operated under franchise agreements.

3

There were a number of pending claims, in suit or pre-suit, arising out of the operation of the Pizza Hut locations, including claims arising from auto accidents involving delivery drivers.

11. One of those claims involves Roe. The Roe suit was in litigation, styled *Jacob Roe v. Jessica Ward and NPC International, Inc.*, Case No. 16-2019-CA-00473-XXXX-MA, in the 4th Judicial Circuit Court for Duval County, Florida. Roe [Proof of Claim No. 20459] has filed a proof of claim in the bankruptcy action.

**Policy and Retentions**

12. Republic-Vanguard issued a business auto liability policy to NPC, no. CNO555126200, effective for the period of September 30, 2017 to September 30, 2018, with limits of $1 million per occurrence. The policy is an excess policy, and affords coverage only excess of two self-insured retentions, totaling $2 million per occurrence. A copy of the policy is attached as Exhibit A.

13. The "Self-Insured Retention and Corridor Self-Insured Retention Endorsement" includes limits of $1 million per "accident" for non-owned "autos" for the self-insured retentions and limits of $1 million per "accident" for non-owned "autos" and $2 million in the aggregate for the Corridor Self Insured Retention, excess of the Self-Insured Retention. Upon information and belief, the aggregate is unimpaired. The endorsement also provides, in part:

> **A. Self-Insured Retention and Corridor Self-Insured Retention:**
>
> For each "accident", ***you will pay all sums payable as damages, expenses, costs and benefits because of "bodily injury" or "property damage" to which this insurance applies, as well as any amounts payable as Supplementary Payments, up to the amount shown in the Schedule above as the Self-Insured Retention and "Corridor Self-Insured Retention". Our obligation to pay damages, expenses, costs, or benefits because of "bodily injury" or "property damage" will apply only in excess of the Self-Insured Retention and "Corridor Self-Insured Retention" up to the applicable limit of insurance. We have no obligation under this policy unless there has been full compliance with the following provisions:***

1. You have made ***actual payment*** of all damages, expenses, costs, and benefits because of "bodily injury" or "property damage" to which this insurance applies until you have made payment of the full amount of the Self-Insured Retention and "Corridor Self-Insured Retention".
2. You will not reinsure the Self-Insured Retention and "Corridor Self-Insured Retention" without our knowledge and written consent.

***We will have no obligation under any circumstances to assume or satisfy your obligation for the actual payment of damages, expenses, costs, and benefits, until the Self-Insured Retention and "Corridor Self- Insured Retention" have been exhausted. Our obligation to pay damages, expenses, costs, or benefits under this policy will not be affected, modified or changed in the event of your bankruptcy.***

We have the right to require you to settle any claim or "suit" for damages, expenses, costs and benefits, because of "bodily injury" or "property damage" to which this insurance applies, even if the damages, expenses, costs or benefits payable will not exceed the Self-Insured Retention and "Corridor Self-Insured Retention".

We at our discretion have the right to initiate or participate in:
- Investigation of any "accident";
- Defense of any insured against any "suit";
- Any settlement; and
- Appeal of any judgment, if such judgment may result in a payment under this insurance.

**B. Payment of Interest:**

All interest applicable to damages for "bodily injury" or "property damage" which would otherwise be payable under **COVERED AUTOS LIABILITY COVERAGE** in excess of the Self-Insured Retention and "Corridor Self-Insured Retention" will be pro-rated in direct proportion to the amount of damages because of "bodily injury" or "property damage" payable by you and us.

**C. Costs and Expenses Not Covered:**

***You are responsible for any and all costs and expenses within the Self-Insured Retention and "Corridor Self-Insured Retention". Such costs and expenses include all costs and expenses incurred by any "insured" in the investigation, defense, negotiation and settlement of any claim or "suit", including attorney's fees, attorney's expenses or court costs taxed against the "insured".*** In addition, we will not pay for any of the following:

1. Claims management or service company fees incurred by any "insured";

2. Wages, salaries and expenses of any employee or contractor of any "insured"; or

5

    3.  Operating expenses of any "insured".

**D. Our Right to Reimbursement:**

We have the right but not the obligation to make payment for damages, costs, expenses, or benefits or to settle any claim or "suit" within the Self-Insured Retention and "Corridor Self-Insured Retention". If we make payment of the Self-Insured Retention and "Corridor Self-Insured Retention", or any part of the Self-Insured Retention and "Corridor Self-Insured Retention", you will reimburse us for any payment we make. You will reimburse us in full within ten (10) calendar days of your receipt of our notice of our payment of the Self-Insured Retention and "Corridor Self-Insured Retention", or any part of the Self-Insured Retention and "Corridor Self-Insured Retention".

* * *

[Emphasis added].

14. Under the unambiguous policy terms, NPC is responsible for the payment of all settlements and judgments, and all defense fees and costs, unless and until there is actual payment of the retention amounts. Prior to filing bankruptcy, NPC was funding the defense of the Roe suit within the retention.

15. Further, the policy makes clear that this obligation is not affected by bankruptcy of the insured.

16. NPC and the GUC Trust are likewise bound by the policy provisions. Further, the Plan provides, in Section 8.6 that "all insurance policies issued or providing coverage to the Debtors shall be assumed in their entirety by the Debtors, and upon such assumption, the Reorganized Debtors, Plan Administrator, or GUC Trustee, as applicable, shall remain liable in full for any and all now existing or hereinafter arising obligations, liabilities, terms, provisions and covenants of any of the Debtors under such insurance policies, without the need or requirement for an insurer to file a Proof of Claim, Administrative Expense Claim or objection to any cure amount; (ii) nothing shall alter or modify the terms and conditions of and/or any rights, benefits, claims, rights to payments, or recoveries under the insurance policies without the express written

consent of the applicable insurer. . ."

**Underlying Roe Suit**

17. At present, the only two claims in the Republic-Vanguard policy period that assert damages in excess of either retention are the Roe and Dornemann claims.[2] The Roe claim and suit involves an accident that occurred on June 10, 2018 in Jacksonville, Duval County, Florida, and involved a collision between an auto driven by Jessica Ward and Roe, who was on a bicycle. Upon information and belief, the driver, Ward, has no liability insurance applicable to the injury claims.

18. Roe and Dornemann are subject to the ADR Procedures established by the ADR Order. [Docket No. 1714]. Republic-Vanguard elected to participate in the ADR Procedures as to the Roe and Dornemann claims but reserved all its rights under the policy and provided the GUC Trustee with notice of known coverage defenses under the policy.

19. If the claims are resolved through the ADR Procedures within the self-insured retention, such claims will be treated as a general unsecured claim and satisfied in accordance with the provisions of the Plan.

20. If the claims are not resolved through the ADR Procedures, provided certain conditions are met, claimants are entitled to seek to lift the Plan Injunction, to allow the claimants to pursue available insurance. [Docket No. 1714].

21. In this instance, however, there is no available insurance. Until and unless the retention amounts are *paid*, Republic-Vanguard has no obligation of indemnity, and no obligation to provide a defense to NPC.

---

[2] Epic Proof of Claim Nos. 20459 and 225, respectively.

**RELIEF SOUGHT**

22. Republic-Vanguard seeks a declaration that the policy does not afford coverage, and that it has no duty to indemnify NPC or the GUC Trust to pay any settlement or judgments until there has been actual payment of the retentions--$1 million per accident under the self-insured retention, and $1 million per accident or in the aggregate under the corridor self-insured retention.

23. Republic-Vanguard also seeks a declaration that it has no duty to defend NPC in the Roe suit until the retentions have been exhausted through actual payment of judgments, settlements, or expenses.

24. Republic-Vanguard seeks a further clarification by declaration that a claim liquidated and treated as a general unsecured claim under the Plan does not constitute actual payment of the retentions and does not satisfy the terms of the policy.

**PRAYER**

Based upon the policy language, Republic-Vanguard seeks a declaration that it affords no coverage, and that it owes no defense or indemnity to NPC or the GUC Trust, and owes no payment on behalf of NPC or the GUC Trust to Roe or to any judgment creditor, until and unless the full amount of the self-insured retentions has been paid in full. Republic-Vanguard further seeks such other relief to which it may be entitled, at law or in equity.

Respectfully submitted,

/s/ *Beth D. Bradley*
Beth D. Bradley (pro hac vice)
State Bar No. 06243900
bethb@tbmmlaw.com
P. Austin Brakebill (pro hac vice)
State Bar No. 24116214
austinb@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP

2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:   (214) 665-0100
Facsimile:   (214) 665-0199

Robert P. Franke
State Bar No. 07371200
bfranke@clarkhill.com
Audrey Hornisher
State Bar No. 24094369
ahornisher@clarkhill.com
CLARK HILL PLC
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone:   (214) 651-4300
Facsimile:   (214) 659-4057

**COUNSEL FOR REPUBLIC-VANGUARD INSURANCE COMPANY**